IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARMANDO S. VIDALES, et al | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. SA-** |
| | § | **11-cv-01074-FB** |
| | § | |
| JPMORGAN CHASE BANK, | § | |
| **Defendant.** | § | |

### Plaintiff First Amended Complaint

COMES NOW, Plaintiffs Armando Vidales and Angelita Vidales (collectively the "Plaintiff") for causes of action against Defendants, JPMORGAN CHASE BANK, N.A. and GREEN TREE SERVICING, LLC, the loan servicer for Bank of America, N.A., jointly and severally respectfully shows unto the Court as follows:

### I.

### Factual Background

Plaintiff is the debtor/owner of the Property located at LOT 5, BLOCK 1, NEW CITY BLOCK 35132L, FOSTER MEADOW SUBDIVISION, UNIT 3, IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 9516, PAGE 26, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

LOT 5, BLOCK 1, NEW CITY BLOCK 35132L, FOSTER MEADOW SUBDIVISION, UNIT 3, IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 9516, PAGE 26, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS shall hereinafter be referred to as "the Property"..

Prior to the receipt of Foreclosure Notices in mid-November 2011, Plaintiff spoke with Defendant JP Morgan Chase in order to work with them on a loan modification. Defendant was not responsive or amenable to the modification

On or about November 11, 2011, Plaintiff received two notices dated November 10, 2011, (NOTICE OF ACCERLERATION OF MATURITY, NOTICE OF NON-JUDICIAL FORECLOSURE SALE, AND NOTICE OF TRUSTEE SALE) from Defendants' law firm of Barrett Daffin Frapier Turner and Engel, LLP (Exhibit "A" & Exhibit "B") authored by Defendants' attorneys, advising that the Property were scheduled for foreclosure and would be sold on TUESDAY, December 6, 2011.

## II.

## <u>LEGAL THEORIES AND CLAIMS</u>

1. FRAUD- Defendant continues to insist that the Property loan can be modified yet continues to proceed with foreclosure.  Defendant JPMorgan Chase Bank has contacted the Plaintiff about the possibility of Loan Modification, despite pending foreclosure.  Plaintiff has relied on Defendant's representations as to impending loan modification to his determent, awaiting a new loan payment he an better afford to pay.

2. PROMISSORY ESTOPPEL- Defendant continues to insist that the Property loan can be modified yet continues to proceed with foreclosure.  Defendant JPMorgan Chase Bank has contacted the Plaintiff about the possibility of Loan Modification, despite pending foreclosure.  Plaintiff has relied on Defendant's representations as to impending loan modification to his determent, awaiting a new loan payment he an better afford to pay.

## IV.

## <u>Plaintiff will suffer irreparable harm if no TRO is issued.</u>

Defendant's conduct is completely without right or entitlement in that Defendant,

1. Provided incorrect and conflicting information concerning the foreclosure status of the Property;

2. Plaintiff will be damaged in that Plaintiff has invested substantial time, energy and money into the Property in order to avoid foreclosure.

3. The Plaintiff has no adequate remedy at law for the injuries described. The injuries and losses are continuing. The property and rights involved are unique and irreplaceable, so that it will be impossible to accurately measure, in monetary terms, the damages caused by the Defendants' conduct.

4. Lastly, if Defendants are not enjoined, they will further attempt to foreclose on the Property.

For the reasons stated in this pleading, the Plaintiff requests that, after trial, this Court permanently enjoin the defendant from the following: Foreclosing on the Property until after February 28, 2012 in order to allow Plaintiff an opportunity to make arrangements with Defendant to avoid foreclosure. It is essential that the Court immediately and temporarily restrain the Defendant from continuing with the conduct described in this petition and foreclosing on the Properties. It is essential that the Court act immediately, prior to notice on the Defendant. <u>Notifying the Defendant or their counsel would cause irreparable harm to the Plaintiff.</u>

In order to preserve the status quo and the property and rights of the Plaintiff during the pendency of this action, Defendant should be cited to appear and show cause why Defendant should not be temporarily restrained, during the pendency of this action, from the above referenced conduct.

WHEREFORE, premises considered, Plaintiff respectfully asks the Court for the following relief:

A temporary restraining order issued without notice to Defendant, restraining Defendant, Defendant's agents, servants, and employees, from foreclosing on the Property located at LOT 5, BLOCK 1, NEW CITY BLOCK 35132L, FOSTER MEADOW SUBDIVISION, UNIT 3, IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 9516, PAGE 26, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS on December 5, 2011.

Respectfully submitted,

THE MORSI LAW FIRM


TAMER E. MORSI, ESQ.
ATTORNEY FOR PLAINTIFFS
STATE BAR # 24041530
5150 BROADWAY #411
SAN ANTONIO, TX 78209
Telephone (210) 370-7541
Facsimile (210) 693-1258

CERTIFICATE OF SERVICE

   I certify that on March 26, 2012 a copy of Plaintiffs' First Amended Complaint was filed with the Court.

   I certify that Gemma Galeoto at 214-871-2111 is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

TAMER F. MORSI